**Gurdip SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–71759.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2005.\*\*

Decided July 7, 2005.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., William J. Shapiro, U.S. Department of Justice, Natural Resources Section, Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM \*\*\*

Gurdip Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming without opinion the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). We deny the petition.

Substantial evidence supports the IJ's credibility determination. Singh's testimony was vague, lacked sufficient detail, and was implausible regarding key events. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir.1999). In addition, Singh testified inconsistently about his own birth date and whether he had previously seen

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in India his children's birth certificates. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (noting that identity is key element of asylum claim).

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). Singh has also failed to meet the standard for CAT relief. *See Farah*, 348 F.3d at 1156–57; *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**